This action was begun in the Superior Court of Forsyth County on 27 January, 1931.
The plaintiffs are stockholders of the defendant George E. Nissen Company, Inc., a corporation organized and doing business under the laws of this State, with its principal place of business in the city of Winston-Salem, N.C.
In their complaint the plaintiffs allege: "3. That the plaintiffs are informed, advised, and believe that the defendant, if not at present insolvent, is in imminent danger of insolvency, and has decreased its operations to such an extent that it has practically suspended its ordinary operation and business; that the liabilities of the defendant approximate one hundred and fifty thousand ($150,000) dollars; that no dividends whatever have been earned or paid on the common stock of the defendant corporation, or on its preferred stock for three years or more; that by the appointment of a receiver and the conservation of its assets by prudent management under a receivership, creditors will be able to secure a substantial payment on their indebtedness, and possibly a residue of assets will be conserved for stockholders.
"4. That the plaintiffs are informed, advised, and believe, and so allege, that a receiver should be appointed by the court to take in charge the assets of the defendant corporation, and to reduce the same to cash as rapidly as possible; that creditors should be required to prove their claims as required by statute; that such receiver do such other things and acts as are provided by law, and to this end the said receiver should be authorized to continue the business of the defendant corporation under the order of the court for the purpose of preserving the estate and of obtaining a purchaser or purchasers of the assets, to the end that the greatest amount of money possible may be had for the benefit of creditors, and also for the benefit of stockholders."
The defendant in its answer admits these allegations, and joins the plaintiffs in their prayer for the appointment of a receiver of the defendant.
Upon the hearing of the action it was ordered, adjudged, and decreed by the court that "C. W. Williams be and he is hereby appointed receiver of the defendant corporation, and that said receiver be and he is hereby authorized and directed to take into his charge and custody all the assets and property of the defendant wheresoever located and of whatever nature, reduce the same to money, and liquidate the affairs of the defendant by the distribution of the proceeds of the sale or sales of its assets and property to its creditors, and to do all such other and further acts as provided by law." *Page 287 
It was further ordered, adjudged, and decreed by the court that "the said receiver be and he is authorized in his discretion to continue the business of the defendant corporation on behalf and in the interest of its creditors by the necessary and conservative replenishing of its stock from time to time, and by working up said stock into finished material, to the end that the assets of said corporation may be disposed of in the most advantageous way for the benefit of its creditors and stockholders, and to that end the said receiver be and he is hereby authorized to employ such assistants and such help as may be in his judgment needed for the limited operations of the business as aforesaid."
Pursuant to this order, the receiver took into his possession all the assets of the defendant corporation, and is now engaged in the performance of his duties as the receiver of the defendant corporation.
At November Term, 1934, of the Superior Court of Forsyth County the action was heard upon the petition of the receiver for instructions by the court with respect to the claim of the Commissioner of Revenue of the State of North Carolina, for the payment by the receiver, out of the assets of the defendant in his hands, of the franchise tax for the years 1931, 1932, and 1933, assessed and levied by said Commissioner on the defendant corporation.
At said hearing the court found the following facts:
"1. The defendant George E. Nissen Company, Inc., a corporation organized under the laws of the State of North Carolina, and engaged in the business of manufacturing and selling wagons in the city of Winston-Salem, N.C. was placed in the hands of C. W. Williams as receiver, on 27 January, 1931, by an order made in this action by the Hon. John H. Clement, resident judge of the Superior Court for the Eleventh Judicial District.
"2. At the time of the appointment of the said receiver, the defendant George E. Nissen Company, Inc., had on hand about one hundred and twenty-six thousand dollars worth of wooden wagon parts, which could not be used to advantage for any purpose except for building wagons; that during the years 1931, 1932, and 1933, the receiver was engaged in the business of building and selling wagons, under the orders of the Superior Court of Forsyth County, and is still so engaged; and that in the manufacture of wagons during said time, the receiver has purchased parts, consisting mostly of iron tires, which were necessary for the utilization of parts included in the stock on hand at the time of his appointment.
"3. Since his appointment, and while engage in the performance of his duties under the orders of the court, the receiver has settled a large part of the liabilities of the defendant corporation by paying from six to eight per cent of such liabilities, not including interest, and is now of *Page 288 
the opinion that if the receivership is continued by the court, he will be able to pay dividends to the stockholders."
On the foregoing facts the court was of opinion that the claims of the Commissioner of Revenue for the payment by the receiver of the franchise taxes for the years 1931, 1932, and 1933, assessed and levied by said Commissioner on the defendant corporation, is a valid claim, and there being no controversy as to the correct amount of said taxes, it was ordered by the court that the receiver pay to the Commissioner of Revenue of the State of North Carolina the sum of $277.82 for the franchise tax of the defendant corporation for the year 1931; the sum of $250.86 for the franchise tax of said defendant for the year 1932; and the sum of $170.97 for the franchise tax of aid defendant for the year 1933.
It was further ordered by the court that said sums, when paid by the receiver, should be allowed as expenses of the receivership and credited as such in the accounts of the receiver.
The receiver, having first obtained the permission of the court so to do, appealed from the said order to the Supreme Court.
Two questions of law are presented by this appeal. The answer to both questions require only a consideration of the statute applicable to the facts as found by the court below. The questions are as follows:
1. Is a domestic corporation, organized under the laws of this State and doing business for a profit as authorized by its charter or certificate of incorporation, liable for annual franchise tax assessed and levied by the Commissioner of Revenue of this State, under the provisions of section 210, chapter 427, Public Laws of North Carolina, 1931; N.C. Code of 1931, sec. 7880 (118), after the appointment by a court of competent jurisdiction of a receiver of the corporation, and prior to its dissolution as provided by law, where the receiver, under the orders of the court, is continuing to do the business which the corporation was authorized to do by its charter or certificate of incorporation, and which it was doing at the time of his appointment?
2. If so, is it the duty of the receiver who, under the orders of the court, has in his possession all the assets of the corporation for administration, as directed by the court, to pay such franchise tax out of the assets of the corporation in his hands as an expense of the receivership?
The statute [N.C. Code of 1931, sec. 7880 (118)] provides that on or before the first day of August of each year the Commissioner of *Page 289 
Revenue, having first ascertained and determined from reports made to him by the corporation, or from his official investigation of the corporation, the correct amount of its capital stock, surplus, and undivided profits, shall assess and levy a franchise tax for the "privilege of carrying on, doing business, and/or the continuance of its charter within the State, on each and every such corporation," at the rate prescribed by the statute.
By the express terms of the statute, the corporation is liable for the annual franchise tax for each year during which it enjoys the privilege of the continuance of its charter. It is immaterial whether or not the corporation exercises its privilege of doing or carrying on the business authorized by its charter or certificate of incorporation; it is liable so long as it enjoys the privilege granted by the State of "being" a corporation. When it surrenders or forfeits this right it ceases to be liable for the tax.
Both questions presented by this appeal are answered in the affirmative. See Michigan v. Michigan Trust Co., 76 L.Ed., 1134, and annotation. The judgment is
Affirmed.