WACHOVIA BANK AND TRUST COMPANY, N.A. v. PARKER MOTORS, INC.

No. 7221SC54

(Filed 23 February 1972)

1. Appeal and Error § 7— right to appeal — party aggrieved

The right of appeal is limited by statute to the party aggrieved, G.S. 1-271; a party is not aggrieved unless the order complained of affects a substantial right, or in effect determines the action. G.S. 1-277.

2. Appeal and Error § 7— right to appeal — party aggrieved

In this action by a bank against an automobile dealer wherein a permanent receiver had been appointed for defendant automobile dealer, plaintiff bank is not a party aggrieved by the trial court's order denying plaintiff's motion to strike defendant's answer and counterclaim made on the ground that the receiver has succeeded to all the rights and privileges of defendant, since the denial of the motion does not affect a substantial right of plaintiff and does not in effect determine the action.

APPEAL by plaintiff from an Order of *Long, Judge,* filed 13 September 1971, following a hearing at the 30 August 1971 Session of Superior Court held in FORSYTH County.

On 11 June 1971, Wachovia Bank and Trust Company, N.A., the plaintiff-appellant hereinafter called "Wachovia", filed suit against Parker Motors, Inc., the defendant-appellee hereinafter called "Parker," seeking, *inter alia,* money damages, possession of certain automobiles, injunctive relief to prevent disposition of corporate assets, and appointment of a Receiver for Parker.

At the 31 May 1971 Session of Superior Court held in Forsyth County, Judge Lupton appointed a Temporary Receiver

for Parker and gave notice to Parker to show cause on 25 June 1971 why the appointment should not be made permanent.

On 25 June 1971, after Parker, defendant-appellee, failed to appear at the designated time to show cause why a Permanent Receiver should not be appointed, Judge Lupton filed an Order appointing L. G. Gordon, Jr., as Permanent Receiver of Parker and empowering said Receiver to take into his possession and control all the property, assets, books, papers, and records of the said corporation, with all the duties, powers and obligations given by law to said Receiver. This order further restrained and enjoined all persons, firms, and corporations from interfering in any manner with the property or assets of Parker or with the Receiver in the exercise of his duties.

On 13 July 1971, Parker filed an answer and counterclaim against the plaintiff, Wachovia. Plaintiff, Wachovia, filed a motion to strike the defendant's answer and counterclaim.

The plaintiff's motion to strike was heard on 13 September 1971 before Judge Long. The trial court denied plaintiff's motion and ordered that the defendant, Parker, be at liberty to defend the case brought by the plaintiff against it and to prosecute its counterclaim against the plaintiff. The trial court further ordered that any recovery obtained by the defendant under said counterclaim would become an asset of the receivership.

Plaintiff appealed.

*Womble, Carlyle, Sandridge and Rice, by Zeb E. Barnhardt, Jr., and W. P. Sandridge, Jr., for plaintiff-appellant.*

*Eugene H. Phillips for defendant-appellee.*

BROCK, Judge.

Plaintiff argues that the Receiver has succeeded to all the rights and privileges of defendant; therefore, defendant has no right to defend itself or prosecute a counterclaim against plaintiff.

The Receiver has not undertaken to be substituted as the party defendant in defendant's answer and counterclaim and the Receiver has not appeared in the Superior Court or in this Court in opposition to defendant's effort to defend itself. It seems to us that if anyone has been aggrieved by the Order,

denying the motion to strike defendant's answer and counterclaim, it is the Receiver. However, as pointed out above, the Receiver is not seeking to remove defendant from the lawsuit.

[1] Aside from the view that Rule 4, Rules of Practice in the Court of Appeals (as amended 20 January 1971), would deny to a party the right of appeal from an order such as the one complained of by plaintiff in this case, the right of appeal is limited by statute to a party aggrieved. G.S. 1-271. A party is not aggrieved unless the order complained of affects a substantial right, or in effect determines the action. G.S. 1-277. *Coburn v. Timber Corporation*, 260 N.C. 173, 132 S.E. 2d 340.

[2] The Order of Judge Long which denied plaintiff's motion to strike defendant's answer and counterclaim does not affect a substantial right of plaintiff, nor does it in effect determine the action. Plaintiff is at liberty to offer evidence to substantiate its own allegations and to offer evidence in defense against defendant's allegations.

The attempted appeal must be, and it is

Dismissed.

Judges BRITT and VAUGHN concur.