LONE STAR INDUSTRIES, INC. v. READY MIXED CONCRETE OF WIL-MINGTON, INC.

No. 835DC110

(Filed 1 May 1984)

Appeal and Error § 7— appointment of receiver for corporate judgment debtor— no right of shareholders to appeal

   A shareholder and a former shareholder of a corporate judgment debtor were not "parties aggrieved" and had no standing to appeal from the appointment of a receiver for the corporation under G.S. 1-363 since they are not parties to the case and their interests are antagonistic to the debtor corporation in that the only property of the corporation is a claim against the purported appellants. G.S. 1-271; G.S. 1-363.

APPEAL by Derwood H. Godwin and W. Glenn Pleasant from *Peel, Judge.* Order entered 23 July 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 10 January 1984.

*Murchison, Taylor & Shell, by Michael Murchison and Frank B. Gibson, Jr., for plaintiff appellee.*

*No counsel for defendant.*

*Hutchens & Waple, by H. Terry Hutchens, for appellants Godwin and Pleasant.*

PHILLIPS, Judge.

In this action, filed in 1974, judgment for $55,191.15 was rendered against the defendant in 1977. The judgment has not

been satisfied, and, after various proceedings irrelevant to this appeal, on July 23, 1982, pursuant to plaintiff's verified motion, Judge Peel entered an order appointing a receiver for the defendant corporation under the provisions of G.S. 1-363 and related statutes. From that order Derwood H. Godwin and W. Glenn Pleasant appealed and assigned as error that the law does not authorize the appointment of a receiver under the circumstances recorded. So far as the record reveals, the appellants are not parties to this case and are interested in it only because Godwin is a shareholder of the defendant corporation and Pleasant is a former shareholder, and they have been sued by defendant for $18,080 in a separate action.

Under our law, it is rudimentary that the only person who may appeal is the "party aggrieved." G.S. 1-271; 1 Strong's N.C. Index 3d, *Appeal and Error* § 7 (1976). Since nothing in the record suggests that the appellants are either parties to this case or have been legally aggrieved by the order appointing a receiver, the appeal must be and is dismissed. *Gaskins v. Blount Fertilizer Company, et al.,* 260 N.C. 191, 132 S.E. 2d 345 (1963).

The appeal is without merit in any event, however, since the record plainly shows that all the requisites for appointing a receiver under G.S. 1-363 were complied with and appointing a receiver is always appropriate when it appears, as the record here shows, that a judgment debtor has property that might be applied to the payment of its debt. *Massey v. Cates,* 2 N.C. App. 162, 162 S.E. 2d 589 (1968). The property that the judgment debtor has, according to the record, is its claim against the appellants. That they are opposed to the defendant debtor receiving the benefit of that property is understandable; but that they were able to assert their opposition in this case for so long under the circumstances is not. The appellants have no standing in this Court and should have had none in the court below. They are not parties to the case, and, even if they were, their interests are entirely antagonistic to the debtor corporation, whose own interests clearly require that any sums that are owed it by others be promptly applied to its debts.

Appeal dismissed.

Judges ARNOLD and JOHNSON concur.