MALCOLM M. LOWDER, MARK T. LOWDER AND DEAN A. LOWDER, PLAIN-
TIFFS v. ALL STAR MILLS, INC., LOWDER FARMS, INC., CAROLINA
FEED MILLS, INC., ALL STAR FOODS, INC., ALL STAR HATCHERIES,
INC., ALL STAR INDUSTRIES, INC., TANGLEWOOD FARMS, INC., CON-
SOLIDATED INDUSTRIES, INC., AIRGLIDE INC., AND W. HORACE
LOWDER, DEFENDANTS, AND CYNTHIA E. LOWDER PECK, MICHAEL W.
LOWDER, DOUGLAS E. LOWDER, LOIS L. HUDSON, INDIVIDUALLY AND AS
GUARDIAN AD LITEM FOR STEVE H. HUDSON, BRUCE E. HUDSON, BILLY
J. HUDSON, ELLEN H. BALLARD, JENNELL H. RATTERREE, DAVID P.
LOWDER, JUDITH R. LOWDER HARRELL, EMILY P. LOWDER COR-
NELIUS AND MYRON P. LOWDER, INTERVENING, DEFENDANTS

No. 8820SC286

(Filed 18 October 1988)

Appeal and Error § 13— failure to comply with Rules of Appellate Pro-
cedure—frivolous appeal
　　Defendant's appeal is dismissed where he failed to comply with the Rules
of Appellate Procedure, presented many issues which had previously been
litigated, had no standing to appeal on behalf of the corporate defendants
which were in receivership, and made a frivolous appeal under App. Rule 34.

APPEAL by Horace Lowder (Lowder) on behalf of defendants
All Star Mills, Inc. (Mills), Lowder Farms, Inc. (Farms), All Star
Foods, Inc. (Foods), All Star Hatcheries, Inc. (Hatcheries) and Con-
solidated Industries, Inc. (Consolidated) from *Seay (Thomas W.,
Jr.), Judge.* Orders entered 28 September 1987 and 2 November
1987 in Superior Court, STANLY County. Heard in the Court of
Appeals 27 September 1988.

Plaintiffs instituted this shareholder derivative action on 11
January 1979 against Horace Lowder and certain interlocking
family corporations alleging that Horace Lowder as chief ex-
ecutive officer and director of the corporations violated the
fiduciary duties owed to the corporations and the other

shareholders. After a jury finding of misappropriation of corporate opportunity by Lowder, permanent receivers were appointed for the corporations. The trial court's subsequent order that the receivers sell the corporations' assets to satisfy liabilities has resulted in numerous appeals by Lowder, including the case at bar.

*All Star Mills, Inc., pro se, by W. Horace Lowder, Vice-President.*

*Lowder Farms, Inc., pro se, by W. Horace Lowder, President.*

*All Star Foods, Inc., pro se, by W. Horace Lowder, President.*

*All Star Hatcheries, Inc., pro se, by W. Horace Lowder, President.*

*Consolidated Industries, Inc., pro se, by W. Horace Lowder, President.*

*Kluttz, Hamlin, Reamer, Blankenship & Kluttz, by William C. Kluttz, Jr., for receivers-appellees.*

SMITH, Judge.

"This is yet another in the series of vexatious . . . attacks on a corporate receivership." *Lowder v. Doby,* 68 N.C. App. 491, 493, 315 S.E. 2d 517, 518, *disc. rev. denied,* 311 N.C. 759, 321 S.E. 2d 138 (1984). We hold that this appeal must be dismissed for any one and all of the following reasons: (1) Lowder has failed to comply with the Rules of Appellate Procedure; (2) many issues presented have been previously litigated; (3) Lowder has no standing to appeal on behalf of the corporate defendants which are now in receivership; and (4) the appeal is frivolous under App. R. 34. We discuss the assignments of error only to the extent necessary to determine that this appeal is frivolous.

The record on appeal in this case does not comply with App. R. 9(b)(1) which requires that items in the record be arranged in chronological order according to date of occurrence or of filing in the trial court. The record before us is, at best, a haphazard arrangement of pleadings, orders and parts of prior records on appeal spanning the almost ten-year period of this litigation. We

strongly disapprove of the state of the record filed in this court and hold that this appeal must be dismissed for violation of App. R. 9(b)(1).

We also note that there is a total failure to preserve the right of appeal as to several issues discussed in the brief and that these same issues have been before this court on previous occasions. There are no exceptions or assignments of error to support the contention advanced in the brief that the trial court exceeded its jurisdiction by allowing the derivative suit to go forward and that plaintiffs had no standing to maintain this lawsuit. "The exceptions upon which a party intends to rely shall be indicated by setting out at the conclusion of the record on appeal assignments of error based upon such exceptions. . . . Exceptions not thus listed will be deemed abandoned." App. R. 10(c).

Further, Lowder's attempts to challenge the appointment of receivers and the trial court's jurisdiction to entertain the original suit are based on judgments and orders previously upheld on appeal in *Lowder v. Mills, Inc.*, 301 N.C. 561, 273 S.E. 2d 247 (1981). In another argument, Lowder contends the trial court erred in ordering liquidation of the corporations' assets. By this argument, Lowder attacks several orders in furtherance of the liquidation and dissolution of the corporations. The order of liquidation and dissolution was affirmed by this Court in *Lowder v. All Star Mills, Inc.*, 75 N.C. App. 233, 330 S.E. 2d 649, *disc. rev. denied*, 314 N.C. 541, 335 S.E. 2d 19 (1985). The opinions upholding the order appointing receivers, upholding the trial court's jurisdiction and affirming the liquidation and dissolution of the corporations are the law of this case. *Development Corp. v. James*, 58 N.C. App. 506, 294 S.E. 2d 23, *disc. rev. denied*, 306 N.C. 740, 295 S.E. 2d 763 (1982). These opinions are binding in this purported appeal and any subsequent appeal. *Id.*

Lowder also assigns error to the entry of three orders dismissing another appeal to this Court for failure to file and docket the record on appeal within 150 days after notice of appeal. Obviously, the trial court was correct in dismissing the earlier attempt to appeal for failure of Lowder to file and docket the record in this Court within 150 days. App. R. 12(a) and App. R. 25.

In a further assignment of error, Lowder contends the trial court erred by entering certain orders while another appeal of similar issues was pending before this Court. As to this issue and all other issues Lowder attempts to raise, we hold that Lowder does not have standing to appeal on behalf of the corporations. In reaching this conclusion, we consider both the nature of the corporate receivership and Lowder's rights and interests in the challenged orders. On 5 February 1979, the trial court appointed temporary receivers for the corporations for the duration of the litigation and ordered the receivers to take title and possession of corporate assets, facilities, offices and records. The receivers were ordered to conduct the ordinary business of the corporations and to enter into whatever transactions were necessary to conduct the business. The appointment of the receivers was affirmed on appeal. *Lowder v. Mills, Inc.*, 301 N.C. 561, 273 S.E. 2d 247 (1981). On 25 January 1984, the assets of Foods and Hatcheries were impressed with a constructive trust in favor of Mills. On 30 April 1984, the temporary receivers were made permanent receivers of Farms, Consolidated and Mills, and thus of Foods and Hatcheries by virtue of the constructive trust. On 21 November 1986, the court adopted a plan of complete liquidation and dissolution of Farms which authorized the receivers to sell the assets to meet liabilities and to dissolve the corporation.

"Under our law, it is rudimentary that the only person who may appeal is the 'party aggrieved.'" *Lone Star Industries v. Ready Mixed Concrete*, 68 N.C. App. 308, 309, 314 S.E. 2d 302, 303 (1984). "A party is not aggrieved unless the order complained of affects a substantial right, or in effect determines the action." *Trust Co. v. Motors, Inc.*, 13 N.C. App. 632, 634, 186 S.E. 2d 675, 677 (1972). A receiver appointed by the court represents both the owners and the creditors. *Observer Co. v. Little*, 175 N.C. 42, 94 S.E. 526 (1917). Thus, if a substantial right of the corporations is affected, the permanent receivers are the parties aggrieved. *See Trust Co. v. Motors, Inc., supra.* It stands to reason, then, that after the appointment of receivers is affirmed or becomes final, only the receivers or an attorney representing the receivers may file notice of appeal on behalf of the corporations. Lowder, purporting to act as Vice-President of Mills and President of the other corporations, gave notice of appeal and filed the record and brief on behalf of the corporations. The receivers were, however,

authorized to take control of the corporations and to assume management. The effect of the appointment of the receivers is to suspend the officers of the company. *Lenoir v. Improvement Co.*, 126 N.C. 922, 36 S.E. 185 (1900). In addition, Lowder was specifically enjoined from interfering with the authority or duties of the receivers and from attempting to manage the affairs of the corporations without the receivers' consent. Thus, Lowder has no authority to pursue this appeal on behalf of the corporations.

Moreover, we find that the appeal by Lowder on behalf of the corporations was "taken frivolously and for purposes of delay." App. R. 34. Lowder has appealed nearly every order entered by the trial court. This is the thirteenth appeal to the appellate division in this case and related cases, not including requests for extraordinary writs. For the most part, Lowder merely reasserts issues previously ruled upon by the appellate division. This appeal is dismissed with costs to be taxed to W. Horace Lowder individually. App. R. 34 and App. R. 35.

Appeal dismissed.

Judges ORR and GREENE concur.