**LOWDER v. ALL STAR MILLS**

[103 N.C. App. 500 (1991)]

MALCOLM M. LOWDER, MARK T. LOWDER AND DEAN A. LOWDER, PLAINTIFFS v. ALL STAR MILLS, INC., LOWDER FARMS, INC., CAROLINA FEED MILLS, INC., ALL STAR FOODS, INC., ALL STAR HATCHERIES, INC., ALL STAR INDUSTRIES, INC., TANGLEWOOD FARMS, INC., CONSOLIDATED INDUSTRIES, INC., AIRGLIDE INC., AND W. HORACE LOWDER, DEFENDANTS AND CYNTHIA E. LOWDER PECK, MICHAEL W. LOWDER, DOUGLAS E. LOWDER, LOIS L. HUDSON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR STEVE H. HUDSON, BRUCE E. HUDSON, BILLY J. HUDSON, ELLEN H. BALLARD, JENNELL H. RATTEREE, DAVID P. LOWDER, JUDITH R. LOWDER HARRELL, EMILY P. LOWDER, CORNELIUS AND MYRON P. LOWDER, INTERVENING DEFENDANTS

No. 9020SC897

(Filed 16 July 1991)

## 1. Rules of Civil Procedure § 11 (NCI3d)— motions to dismiss and for summary judgment—sanctions—proper

The trial court had more than ample basis for imposing sanctions under N.C.G.S. § 1A-1, Rule 11, where the motion to dismiss and motion for summary judgment are based on the same grounds that have proven baseless in past motions and appeals and are patently frivolous.

**Am Jur 2d, Appeal and Error § 1024; Motions, Rules, and Orders § 5.**

## 2. Appeal and Error § 510 (NCI4th)— appeal—motion in appellate court for sanctions—show cause order

Upon review of the more than twenty appeals brought to the Court of Appeals in this case, and considering appellant's 75 page brief which sets forth precisely the same argument as in his motion to dismiss and in previous appeals, the Court of Appeals issued notice that the appellant was to have 10 days from the mandate to show cause why sanctions pursuant to Appellate Rule 34 should not be imposed, with a date for an oral hearing set by separate order.

**Am Jur 2d, Appeal and Error § 1024.**

**Award of damages for dilatory tactics in prosecuting appeal in state court. 91 ALR3d 661.**

APPEAL by defendant W. Horace Lowder from an order entered 29 March 1990 by *Judge Thomas Seay* in Superior Court, STANLY County. Heard in the Court of Appeals 7 May 1991.

## LOWDER v. ALL STAR MILLS

[103 N.C. App. 500 (1991)]

*Moore & Van Allen, by Jeffrey J. Davis, James P. McLoughlin, Jr., and Frank C. Patton, III, for plaintiffs-appellees.*

*W. Horace Lowder, pro se.*

LEWIS, Judge.

[1] Plaintiffs instituted this shareholder's action on 11 January 1979 against W. Horace Lowder and certain interlocking family corporations alleging that W. Horace Lowder as chief executive officer and director of the corporations violated the fiduciary duties owed to the corporations and the other shareholders. After a jury finding of misappropriation of corporate opportunity by W. Horace Lowder, permanent receivers were appointed for the corporations' assets to satisfy liabilities. The liquidation is now complete and the only remaining matter is the payment of claims made against the dissolved corporations.

W. Horace Lowder, individually and on behalf of the liquidated and dissolved Corporate Defendants, here appeals the Memorandum and Order filed on 29 March 1990, awarding plaintiffs sanctions against W. Horace Lowder for filing motions to dismiss and for summary judgment in violation of North Carolina Rule of Civil Procedure 11. The Superior Court awarded plaintiffs the sum of $2,918.82 to reimburse them for the attorneys' fees and expenses. In addition, the Court ordered W. Horace Lowder to pay $1,000 to the Clerk of Superior Court as an additional sanction for filing "frivolous and vexatious motions to dismiss and for summary judgment."

In reviewing a trial court's award of sanctions under Rule 11, the appellate court shall conduct a de novo review in which it will determine:

(1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by sufficiency of the evidence.

*Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). In review of the appropriateness of the particular sanctions imposed, an appellate court applies the "abuse of discretion" standard. *Id.*

Judge Seay based his sanctions on findings that the defendant's motions to dismiss were barred by res judicata in several Court of Appeals opinions, and that W. Horace Lowder had raised the same objections to the derivative suit several times. Judge Seay also based his sanctions on findings that W. Horace Lowder had the advice of numerous attorneys and the notice of numerous Court of Appeals opinions that he had a lack of basis for his objections. Judge Seay held that W. Horace Lowder had once again made a motion to dismiss based on these objections and that the motion was, in the court's judgment, frivolous and filed for the purpose of delaying the action and harassing the plaintiffs.

We find that Judge Seay had more than ample basis for the imposition of sanctions. This Court has ruled time and time again that W. Horace Lowder has no standing to make motions or appeal on behalf of the corporate defendants which are now in receivership. *Lowder v. All Star Mills, Inc.*, 91 N.C. App. 621, 372 S.E.2d 739 (1988) (Costs taxed to W. Horace Lowder pursuant to Rule 34). In his motion to dismiss as in many of his previous motions to dismiss and appeals, W. Horace Lowder argues that the trial court lacks jurisdiction and exceeds its authority by entering any order whatsoever. *Id.* Once again we note that this argument has been rejected repeatedly. *Lowder v. All Star Mills, Inc.*, 100 N.C. App. 322, 396 S.E.2d 95 (1990) (Remanded to trial court for hearing pursuant to Rule 34). The motion to dismiss and motion for summary judgment are based on the same grounds that have proven baseless in past motions and appeals, and are patently frivolous. *Lowder v. All Star Mills*, 91 N.C. App. 621, 372 S.E.2d 739 (1988). Furthermore, we find that Judge Seay did not abuse his discretion in computing the amount of the sanctions; indeed, he exercised notable judicial restraint.

[2] Plaintiff appellees have moved that we impose sanctions on W. Horace Lowder for his appeal of Judge Seay's order and sanctions. Appellant has submitted a 75 page brief, in clear violation of the 35 page limit of Rule 28(j) of the North Carolina Rules of Appellate Procedure, which puts forth precisely the same argument he did in his motion to dismiss and in previous appeals. Under Rule 34 of the North Carolina Rules of Appellate Procedure we are authorized to impose a sanction against a party when:

(1) the appeal was not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(2) the appeal was taken or continued for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(3) a petition, motion, brief, record, or other paper filed in the appeal was so grossly lacking in the requirements of propriety, grossly violated appellate court rules, or grossly disregarded the requirements of a fair presentation of the issues to the appellate court.

Upon review of the more than twenty appeals brought to this Court in this case, we have concluded that a hearing pursuant to Rule 34 is in order. We hereby give notice to W. Horace Lowder pursuant to Rule 34 of the Rules of Appellate Procedure that, following receipt of briefs and an oral hearing, we will consider the imposition of one or more of the sanctions enumerated under Rule 34(b):

(1) dismissal of the appeal

(2) monetary damages including, but not limited to,

a. single or double costs,

b. damages occasioned by delay,

c. reasonable expenses, including, reasonable attorneys fees incurred, because of the frivolous appeal or proceeding, and

(3) any other sanction deemed just and proper.

We give the appellant 10 days from the date the mandate in this matter is issued to show cause in writing why sanctions pursuant to Rule 34 should not be imposed. Appellees may at the same time submit a brief on the issue if they so choose. By separate order, the Court of Appeals will set a date for an oral hearing pursuant to Rule 34 for the same purpose. N.C. Rule of Appellate Procedure 34(d). For the reasons stated, the judgment of the trial court is therefore:

Affirmed.

Judges EAGLES and GREENE concur.