hBYRNES, Judge.
Upon granting supervisory writs in these consolidated applications to review two rulings of the trial court, we affirm.
The present litigation was initiated by the plaintiff, Harold M. Wheelahan, III, (Wheela-han) a member in the law corporation of Ungar and Wheelahan, P.L.C., (U. & W.). Ms. Pamela Pryor was appointed by the trial court as the receiver for U. & W. Interve-nors, John E. Jackson, Jr., a Law Corporation; John E. Jackson, Jr.; Carl J. Schu-macher, Jr.; C. David Schumacher; and the Schumacher Law Corporation, Ltd., sought to intervene in the action to protect their alleged position as a creditor of the corporation.
Intervenors were counsel for Brenda Ingraham and her four children in a wrongful death suit filed in the United States District Court for the Eastern District of Louisiana in 1987. After eighteen months of representation, intervenors’ services were terminated and they were replaced by the law firm of Ungar and Wheelahan. The lawsuit was settled in 1989 12for two million dollars. In-tervenors allege that the law firm of Ungar and Wheelahan received approximately $680,000.00 in legal fees.
In late 1989, intervenors filed suit against Ungar and Wheelahan in the Twenty-Fourth Judicial District Court for the Parish of Jefferson alleging causes of action in tortious interference with contract rights and conversion. Trial in that matter is presently set for November 6, 1995.
Intervenors filed a notice of that claim in the instant receivership. A judgment was rendered by the trial court in the receivership proceedings on September 21,1992 (pri- or to the filing of the intervention) in which the receiver was ordered “to reserve no amount of money for John E. Jackson, et al versus Ungar & Wheelahan, PLC, et al 24th JDC No. 391-027 contingent liability.”
On October 26, 1994, the intervenors filed a petition of intervention in the receivership proceeding. Intervenors also filed a motion to require the “liquidator”[1] of U. & W. to retain funds collected. The receiver responded by filing an exception of no right of action. After a hearing on the pleadings, the trial court, on March 21, 1995, denied the intervenors’ motion to retain funds and the receiver’s exception of no right of action. Both applied for writs, which were consolidated.
In writ 95-C-0957, the intervenors contend that the trial court erred in denying their motion to require the liquidator to retain funds collected. The receiver, in writ 95-C-0997, argues that the trial court erred in overruling her exception of no right of action. Intervenors suggest that they are entitled to | shave the receiver retain sufficient assets of the law firm to cover the value of any judgment rendered against the law firm in the lawsuit filed by intervenors in the Twenty-Fourth Judicial District Court. However, the receiver contends that the intervenors have no right to participate in the receivership proceedings as their claim is only contingent.
In 95-C-0957 intervenors argue that it was error for the trial court to deny their motion to set aside a minimum of $500,000.00 for an unliquidated claim for attorney’s fees because LSA-R.S. 12:152 confers the LSA- *791 R.S. 12:146(C) power of a corporate liquidator upon a receiver to “compromise, compound and settle claims by or against the corporation.” In effect, intervenors argue that the exercise of this authority by the receiver is mandatory, not discretionary.
The receiver supplants the officers and directors of the corporation and stands in their shoes. A receivership is basically just a court mandated change in corporate management. It is not a liquidation. LSA-R.S. 12:146(C) gives the receiver the right to settle claims but does not mandate that the receiver do so.
The intervenors do not suggest that they would have had the right to require the management of U. & W. to set aside funds in anticipation of their claim had a receiver not been appointed. The mere appointing of a receiver gives them no greater rights as a creditor. The appointment of a receiver does not create liens or privileges in favor of any creditors, which is what the set aside requested by the intervenors really is. The intervenors bare asking the court to afford them what amounts to the status of secured creditors for an unliquidated claim. This contention is without merit.
Intervenors argue that the provisions regarding judicial liquidators relating to contingent liabilities found in LSA-R.S. 12:147 should apply to receivers and interpreted to require receivers to set aside funds for contingent liabilities. We disagree. Liquidators and receivers are governed by separate Part of Title 12 of the Revised Statutes. Had the legislature intended the receiver to be just another species of corporate liquidator it would have conferred all of the rights and obligations of the liquidator on the receiver. Instead the legislature conferred upon the receiver only those rights and obligations of a liquidator to be found in LSA-R.S. 12:146(C). As the legislature was specific in conferring those rights, we conclude that the failure to also confer upon the receiver the rights of the liquidator to be found in LSA-R.S. 12:147 was intentional.
For the foregoing reasons the judgment of the trial court in 95-C-0957 is affirmed.
A reversal of the denial of the receiver’s exception of no right of action will not terminate this litigation. Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). The only serious threat of irreparable injury to the receivership presented by the intervention was the threat of being forced to set aside several hundred thousand dollars. That threat has been eliminated by our ruling above in 95-C-0957. For these reasons the receiver has an adequate remedy on appeal and the exercise of Injudicial restraint indicates that the best course is to decline to exercise this Court’s supervisory powers in 95-C-0997.
Accordingly, the rulings of the trial court are affirmed.

AFFIRMED.

LANDRIEU, J., concurs in part and dissents in part.

. The use of the term “liquidator" by the interve-nors appears to have been inadvertent. Interve-nors do not contest the fact that Ms. Pryor is the court appointed receiver, not liquidator.