The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
July 18, 2019

## 2019COA108

**No. 18CA0297, *Francis v. Camel Point Ranch* — Business
Organizations — Corporations — Judicial Dissolution —
Receivership or Custodianship**

A division of the court of appeals considers the circumstances
in which shareholders of a judicially dissolved corporation with an
appointed receiver may appeal the dissolution in the corporation's
name.  The division concludes that once the receiver is appointed,
the right to appeal the order of dissolution vests in him.  The
corporation's shareholders, therefore, without having made any
demand on the receiver to appeal (and without requesting relief
from the trial court if the receiver refuses), cannot appeal the
dissolution order in the corporation's name.

Accordingly, the division dismisses the appeal.

COLORADO COURT OF APPEALS      **2019COA108**

Court of Appeals No. 18CA0297
Mesa County District Court No. 16CV30433
Honorable Brian J. Flynn, Judge

Larry Francis, individual and minority shareholder, Fred Karsten, individual and minority shareholder, and Dennis Kelly, individual and minority shareholder,

Plaintiffs-Appellees,

v.

Camel Point Ranch, Inc., a Colorado corporation,

Defendant-Appellant.

APPEAL DISMISSED

Division I
Opinion by JUDGE GROVE
Taubman and Hawthorne, JJ., concur

Announced July 18, 2019

Wheeler Trigg O'Donnell LLP, Scott S. Barker, Kenneth E. Stalzer, Denver, Colorado, for Plaintiffs-Appellees

Coleman & Quigley, LLC, Joseph Coleman, Isaiah Quigley, Denver, Colorado, for Defendant-Appellant

¶ 1     In this case, as best we can tell, one or more shareholders of defendant, Camel Point Ranch, Inc. (appellants), appeal the trial court's order dissolving the corporation. They purport to do so on Camel's behalf, notwithstanding their failure to get approval from — or even consult with — the receiver whom the trial court appointed to wind up the corporation's affairs. Because we conclude that only the receiver may act on behalf of the corporation, we dismiss the appeal.[1]

## I.    Background

¶ 2     A group of investors formed Camel[2] in 1987 to purchase 1480 acres southwest of Grand Junction in Mesa County. The land, Camel's only material asset, was to be used by its shareholders for hunting and recreation. Camel had ten original shareholders, who together constituted the original board of directors. Over time, two

---

[1] This opinion only considers the circumstances under which shareholders may continue to unilaterally act on behalf of a corporation after a receiver has been appointed. It does not address the procedures that a shareholder, acting in his or her individual capacity, should follow when appealing a dissolution order.
[2] Originally named North Fork Hunting Ranch, Inc., the corporation changed its name to Camel Point Ranch, Inc., in 1989.

1

of the original shareholders sold their shares and one investor bought in to the corporation, leaving a total of nine shareholders.

¶ 3      After years of discord culminated in a corporate management deadlock and a failure to elect new officers at two consecutive annual meetings, plaintiffs, Larry Francis, Fred Karsten, and Dennis Kelly, who were three of the nine shareholders, filed a claim for judicial dissolution under section 7-114-301(2), C.R.S. 2018. In a merits order issued after a five-day bench trial, the trial court entered a decree of dissolution under section 7-114-304, C.R.S. 2018.

¶ 4      The merits order stated that the trial court would "appoint a receiver to manage the business and affairs of Camel and to wind up and liquidate its assets," and that the receiver "shall have all authority and power to run Camel and protect its assets . . . and all powers reasonably necessary to carry out [those] duties." The order appointing the receiver followed a short time later, and stated in relevant part:

> The receiver 'may exercise all the powers of the corporation, through or in place of its board of directors and officers, to the extent necessary to manage the affairs of the corporation in the best interests of its shareholders and

creditors.' C.R.S. § 7-114-303(3)(b). The receiver shall have all authority and power to run Camel and protect its assets. . . .

¶ 5 Camel did not appeal the order appointing the receiver, but it — or, more precisely, attorneys apparently working on behalf of one or more of Camel's officers — did timely file a notice of appeal of the district court's final order on the merits. The notice of appeal, however, was filed without the approval of either the receiver or the trial court.[3] The receiver's lack of involvement, together with the officers' lack of authority to act on behalf of the now-dissolved corporation, prompted plaintiffs to file a motion to dismiss the appeal. We grant that motion for the reasons outlined below.

## II.   Discussion

¶ 6 We do not reach the merits of the trial court's dissolution order because we hold that once the receiver was appointed, the right to appeal vested in him. Appellants, therefore, without having made any demand on the receiver to appeal (and without requesting

---

[3] The record shows that the trial court-appointed receiver, David L. Masters, affirmed in an affidavit that he was neither asked nor contacted by Camel's shareholders or their attorneys about filing this appeal and that he did not file or authorize anyone else to file this appeal. Additionally, there is no indication in the record that appellants sought relief from the trial court for this purpose.

3

relief from the trial court if the receiver refused), cannot take up the corporate mantle and appeal the trial court's order in Camel's name.  Accordingly, we dismiss the appeal.

A.   Effect of a Receiver's Appointment on Corporate Powers and Authority of Shareholders and Officers to Act on Judicially Dissolved Corporation's Behalf

¶ 7     A court's appointment of a receiver places a corporation in the court's exclusive custody and control, giving the receiver dispositional authority over the corporation and its assets.  *See Eller Indus., Inc. v. Indian Motorcycle Mfg., Inc.*, 929 F. Supp. 369, 373 (D. Colo. 1995); *see also Commodity Futures Trading Comm'n v. FITC, Inc.*, 52 B.R. 935, 937 (N.D. Cal. 1985).  Courts typically appoint receivers to secure the rights of both parties to an underlying action.  *Zeligman v. Juergens*, 762 P.2d 783, 785 (Colo. App. 1988) ("The receiver's function is to collect the assets, obey the court's order, and in general to maintain and protect the property and the rights of the various parties.") (citation omitted).  A receiver serves as a ministerial officer of the court that has exercised jurisdiction over the receivership estate.  *Midland Bank v. Galley Co.*, 971 P.2d 273, 276 (Colo. App. 1998).

¶ 8    The measure of a receiver's power is derived from the scope of the court's order of appointment. *NationsBank of Ga. v. Conifer Asset Mgmt. Ltd.*, 928 P.2d 760, 764 (Colo. App. 1996). Colorado's judicial dissolution receiver statute, titled "Receivership or custodianship," permits an appointing court to set the parameters of a receivership by "describ[ing] the powers and duties of the receiver . . . in its appointing order." § 7-114-303(3), C.R.S. 2018. Because appointment vests in the receiver the right to manage and control the corporate property, a receiver's appointment substantially terminates the authority of the corporation's officers. *First Sav. & Loan Ass'n v. First Fed. Sav. & Loan Ass'n*, 531 F. Supp. 251, 255 (D. Haw. 1981) ("When a receiver is appointed for a corporation, the corporation's management loses the power to run its affairs and the receiver obtains all of the corporation's powers and assets."); *see also United States v. Powell*, 95 F.2d 752, 754 (4th Cir. 1938). Simply put, corporate receivership is a court-mandated change in corporate management. *See Wheelahan v. Ungar & Wheelahan, P.L.C.*, 657 So. 2d 789, 791 (La. Ct. App. 1995).

¶ 9 Whether the power is conferred by statute, *see* § 7-114-303(3)(a)(II), or by a receivership order, a receiver generally has the exclusive right to bring or defend suits for or against the corporation. *See Am. Waterworks Co. of N.J. v. Farmers' Loan & Trust Co.*, 20 Colo. 203, 210-11, 37 P. 269, 272 (1894) (holding that an officer of a corporation for which a receiver had been appointed with full power to control and manage its affairs could not use the corporation's name to procure a writ of error over the objection of the receiver, where officers had been enjoined from using corporation's name for any purpose); *see also Scholes v. Lehmann,* 56 F.3d 750, 753 (7th Cir. 1995).

¶ 10 Upon the receiver's appointment, Camel's corporate officers and directors lost all authority to control the corporation. *See McDougal v. Huntingdon & Broad Top Mountain R.R. & Coal Co.*, 143 A. 574, 577 (Pa. 1928) ("The authority of a receiver, as an executive in control, is subject to the court alone; he exercises the functions of the board of directors, managers and officers, takes possession of corporate income, property, and assets, directs not only its operation, but, while in control, its policies on all lines."). By the trial court's order, the receiver assumed "all authority and power to

run Camel and protect its assets," without limitation or exception. By its plain terms, this plenary authority empowered the receiver to decide, subject to his fiduciary duties and under the court's oversight, whether to spend corporate assets on litigation — including whether to challenge the trial court's order dissolving the corporation. In short, once appointed, the receiver was vested with title to all of the corporate property and power to represent the interests of all of Camel's shareholders.

### B. Enforcing a Corporation's Rights in Receivership

¶ 11 Once the trial court ordered Camel's dissolution and appointed a receiver, the shareholders purporting to appeal on Camel's behalf could have sought redress in two ways: directly appeal the trial court's order appointing the receiver or demand that the receiver appeal the dissolution order, and if refused, petition the trial court to order the receiver to appeal.

#### 1. Appeal the Order Appointing the Receiver

¶ 12 The Colorado Appellate Rules provide that an order appointing a receiver is appealable either as an interlocutory matter or after final judgment has been entered. C.A.R. 1(a)(4). "If an interlocutory appeal is not taken from an order appointing a receiver, a party may

still appeal the subject matter of the interlocutory order upon the entry of a final judgment." *In re Nw. Mut. Life Ins. Co.*, 703 P.2d 1314, 1317 (Colo. App. 1985); *see also Jouflas v. Wyatt*, 646 P.2d 946, 947 (Colo. App. 1982) ("Although an order granting or denying the appointment of a receiver is appealable, as of right, pursuant to C.A.R. 1(a)(4), it is not mandatory that an appeal be taken from such an interlocutory order."). But failure to object to a court's appointment of a receiver at either of these stages constitutes acquiescence in the court's action. *Oman v. Morris*, 28 Colo. App. 124, 128, 471 P.2d 430, 432 (1970); *see also Woods v. Capitol Hill State Bank*, 70 Colo. 221, 222, 199 P. 964, 965 (1921).

¶ 13    Accordingly, the shareholders now acting on Camel's behalf could have, in Camel's name, appealed the trial court's order appointing the receiver. But they did not.

### 2.    Demand the Receiver Appeal the Dissolution Order, and If Unsuccessful, Petition the Trial Court for Relief

¶ 14    In the typical derivative suit, a shareholder seeking to enforce a right of a corporation in receivership must make a demand on the receiver to sue or appeal, and if the receiver refuses, petition the court to order the receiver to act. *See Dold Packing Co. v.*

*Doermann*, 293 F. 315, 332-33 (8th Cir. 1923); *see also Swope v. Villard*, 61 F. 417, 421 (C.C.S.D.N.Y. 1894) ("[A] stockholder cannot have exhausted reasonable effort to secure the enforcement of a cause of action in the manner in which it should, primarily, be enforced, without applying to the court in which the management of the corporate affairs is vested.").  Simply skipping past the receiver, who has title to the corporate assets and is in charge of corporate affairs, is not an option.[4]

¶ 15    The same principle applies here.  Because they no longer had any say in the ongoing affairs of the corporation, any shareholders who wished to appeal the dissolution order on Camel's behalf were

---

[4] Although we need not reach the issue here, we note that in many jurisdictions the receiver must seek the court's approval to expend corporate resources on an appeal.  *See Hatten v. Vose*, 156 F.2d 464, 467-68 (10th Cir. 1946) ("[A] receiver may not ordinarily appeal without first obtaining authority from his creator, the court appointing him.").  In jurisdictions that follow this rule, an appeal that the receiver pursues without the court's permission is subject to dismissal.  *Compare C. D. Kenny Co. v. Hinton Hotel Co.*, 180 S.E. 697, 699 (N.C. 1935) (appeal dismissed where receiver did not obtain the court's permission), *with Stagg v. George E. Nissen Co.*, 180 S.E. 658, 660 (N.C. 1935) (appeal allowed where receiver obtained the court's permission).  If the general rule is that the receiver must acquire the court's permission to file an appeal, then it follows *a fortiori* that a shareholder of the dissolved corporation cannot sidestep the receiver and the court entirely and file suit on the corporation's behalf.

first required to make a demand on the receiver to appeal. After all, once the court judicially dissolved Camel and appointed the receiver, the receiver was the only person authorized to file suit in the corporation's name. *Lowder v. All Star Mills, Inc.*, 372 S.E.2d 739, 741 (N.C. Ct. App. 1988) ("[A]fter the appointment of receivers . . . only the receivers or an attorney representing the receivers may file notice of appeal on behalf of the corporations."); *see In re C.W. Mining Co.*, 636 F.3d 1257, 1265 (10th Cir. 2011) (dismissing appeal filed by bankrupt corporation's managers because after appointment of a trustee, "managers are not authorized to bring the corporation's appeal — even if that appeal contests the very initiation of the bankruptcy itself"); *cf. Miller v. Lighter*, 124 N.W.2d 460, 461-62 (Wis. 1963) ("[W]hen a creditor attempts to substitute himself . . . on appeal, more is necessary to succeed to the rights of the receiver than the assertion that his interests are adversely affected. . . . [Absent demand or consent,] the appellants are not properly before this court. . . .").

¶ 16     In appealing to this court, one or more of Camel's shareholders took independent action, purportedly on behalf of the corporation, but without the receiver's authority. Because, once the

receiver was appointed, neither Camel nor shareholders invoking its name had independent authority to appeal the trial court's dissolution order, and because Camel did not exercise its right to appeal appointment of the receiver under C.A.R. 1(a)(4) and its shareholders did not demand that the receiver appeal the dissolution order or, if refused, seek relief from the trial court, we dismiss the appeal.[5]

## III. Appellate Attorney Fees

¶ 17    Pursuant to C.A.R. 38(b), C.A.R. 39.1, and section 13-17-102(2), (4), C.R.S. 2018, plaintiffs request appellate attorney fees. Specifically, they argue that not only did appellants lack authority to file this appeal on Camel's behalf, but that they did so in bad faith and to delay Camel's winding up. We decline to grant plaintiffs' request.

¶ 18    On a party's motion, a court may assess attorney fees for an action that "lacked substantial justification," which means that the

---

[5] Appellants argue that under section 7-114-304(3), C.R.S. 2018, the corporation's right to appeal is "absolute." We agree, but note that, in confirming the corporation's right to appeal, this statute does not speak to who may initiate those proceedings on the corporation's behalf.

action is frivolous, groundless, or vexatious. § 13-17-102(4); *Ranta Constr., Inc. v. Anderson*, 190 P.3d 835, 846 (Colo. App. 2008). "A claim is frivolous if 'the proponent can present no rational argument based on the evidence or law in support of that claim.'" *Ranta Constr., Inc.*, 190 P.3d at 846 (quoting *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984)).

¶ 19    While their appeal was ultimately unsuccessful, appellants' arguments were coherent and supported with legal authority. And, prior to this opinion, there were no Colorado appellate opinions addressing this issue under these circumstances. Although we do not agree with appellants' contention they have the authority to take action on behalf of Camel in this manner, we find nothing in their arguments to be groundless or frivolous. We therefore decline to award the requested fees.

## IV.  Conclusion

¶ 20    The appeal is dismissed.

JUDGE TAUBMAN and JUDGE HAWTHORNE concur.