DONALD MICHAEL ANDERS, PLAINTIFF v. HYUNDAI MOTOR AMERICA CORPORATION, D/B/A HYUNDAI MOTOR AMERICA, VANN YORK PONTIAC, INC., AND GENERAL MOTORS ACCEPTANCE CORPORATION, DEFENDANTS

No. 9018SC752

(Filed 3 September 1991)

1. **Automobiles and Other Vehicles § 254 (NCI4th) — failure to conform to warranties — remedies — manufacturer's disclosure**

The trial court improperly granted summary judgment for defendants in an action arising from the purchase of an allegedly defective automobile where the undisputed facts permit plaintiff to clear the initial eligibility hurdles in the New Vehicles Act, N.C.G.S. § 20-351.5, in that the same nonconformity continued to exist after four or more repairs and plaintiff had not been able to use the car for a cumulative total of 20 or more business days because of the nonconformity, and the manufacturer's deficient disclosure that written notification of a nonconformity is required relieved plaintiff from the written notice requirement as well as the requirement that the manufacturer be allowed a reasonable time to make repairs. Moreover, even if defendant Hyundai's disclosure was sufficient, a genuine issue of material fact exists as to whether plaintiff in fact gave notice to the manufacturer.

ANDERS v. HYUNDAI MOTOR AMERICA CORP.

[104 N.C. App. 61 (1991)]

**Am Jur 2d, Consumer Product Warranty Acts §§ 66-69.**

**Validity, construction, and effect of state motor vehicle warranty legislation (lemon laws). 51 ALR4th 872.**

2. **Unfair Competition § 1 (NCI3d) — sale of defective automobile — replacement vehicle — representation of additional sums required — summary judgment proper**

The trial court properly granted summary judgment for defendant Hyundai on an unfair and deceptive practice claim where plaintiff alleged defects in his automobile and representations by defendant that he would have to pay substantial additional sums of money to obtain a comparable replacement vehicle. Breach of an express warranty is not in and of itself a violation of N.C.G.S. § 75-1.1, and plaintiff must show that he suffered actual injury to recover for a deceptive trade practice. The record here reflects that plaintiff elected a refund rather than replacement. N.C.G.S. § 75-1.1.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 714, 735.**

**Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.**

APPEAL by plaintiff from 7 May 1990 order by *Judge Russell G. Walker, Jr.*, in GUILFORD County Superior Court. Heard in the Court of Appeals 25 January 1991.

*Stephen E. Lawing for plaintiff-appellant.*

*Maupin Taylor Ellis & Adams, P.A., by M. Keith Kapp and Daniel K. Bryson, for defendant-appellee Hyundai Motor America.*

*Keziah, Gates & Samet, by Andrew S. Lasine, for defendant-appellee Vann York Pontiac, Inc.*

*Robert V. Suggs for defendant-appellee General Motors Acceptance Corporation.*

PARKER, Judge.

Plaintiff Anders instituted this action against the Hyundai Motor America Corporation ("Hyundai"), Vann York Pontiac, Inc., ("dealership") and General Motors Acceptance Corporation ("GMAC") pursuant to N.C.G.S. §§ 20-351 *et seq.*, the New Motor Vehicles War-

## ANDERS v. HYUNDAI MOTOR AMERICA CORP.

[104 N.C. App. 61 (1991)]

ranties Act ("New Vehicles Act") and N.C.G.S. § 75-1.1 for unfair and deceptive trade practices to recover losses incurred on account of his purchase of an allegedly defective Hyundai automobile. The trial court entered summary judgment against plaintiff as to all defendants. Plaintiff's motion to withdraw his appeal and dismiss the action as to the dealership and GMAC was allowed.

On appeal plaintiff contends that the trial court erred in ruling as a matter of law that plaintiff was not entitled to any relief pursuant to N.C.G.S. §§ 20-351.3 and 20-351.5 or under N.C.G.S. §§ 75-1.1 and 75-16. We agree in part and reverse as to plaintiff's claim under the New Vehicles Act; we affirm as to plaintiff's claim for unfair and deceptive trade practice.

### I. FACTS

Plaintiff bought his car on 26 July 1989 and soon experienced problems both with engine operation and with vibration at highway speeds. Between 26 July and 10 November plaintiff took the car back to the dealership for repair of these problems on about twenty different dates. The problems were never resolved to plaintiff's satisfaction and finally the dealership offered to contact a Hyundai representative, which it did.

Plaintiff test drove the car with Ben Hall, the manufacturer's representative, on 14 November. Hall explained that the vibration evident at about sixty miles per hour was probably the result of weight imbalance and that rebalancing "should correct the condition . . . to a normal or acceptable level for the Hyundai Excel." According to another part of Hall's written report, plaintiff "agreed . . . during the test drive" that engine power was sufficient in "gradual or normal acceleration [and] under a load condition test" but performance was less good "during hard acceleration." When Hall offered to repair the car to plaintiff's satisfaction and to provide a loaner vehicle in the interim, plaintiff refused the offer and told Hall he no longer wanted the car and wished Hyundai to repurchase the vehicle. Plaintiff further informed Hall that he would go to court; Hall responded "that the . . . offer [to repair] will remain open if [you] . . . decide to have the vehicle repaired." On 17 November plaintiff's attorney requested in writing that Hyundai accept return of the car and reimburse plaintiff for enumerated expenses. The letter also stated that failure to respond appropriately would result in legal proceedings. This action for "refund" was filed on 15 December 1989.

## II. THE NEW VEHICLES ACT

[1]   N.C.G.S. §§ 20-351 to 20-351.10 establish a private remedy for a consumer against an automobile manufacturer for failure to conform a vehicle to express warranties. The New Vehicles Act is applicable to plaintiff and defendant Hyundai under the definitions of "consumer" and "manufacturer" in N.C.G.S. §§ 20-351.1(1) and (2). The next section of the Act imposes a duty on the manufacturer post-sale to conform the car to express warranties.

> If a new motor vehicle does not conform to all applicable express warranties . . . and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer . . . , the manufacturer shall make, or arrange to have made, repairs necessary to conform the vehicle to the express warranties.

N.C.G.S. § 20-351.2 (1988 Cum. Supp.).

The remedy for consumers arises upon the occurrence of certain conditions.

> If the manufacturer is unable, after a reasonable number of attempts, to conform the motor vehicle to any express warranty by repairing . . . or arranging for the repair . . . of[ ] any defect or condition . . . which substantially impair[s] the value . . . to the consumer, . . . the manufacturer shall, at the option of the consumer, replace the vehicle . . . or accept return . . . and refund to the consumer the following[.]

N.C.G.S. § 20-351.3 (1988 Cum. Supp.).

To assist a consumer in showing a manufacturer's failure to conform the vehicle to express warranties, the New Vehicles Act creates a statutory presumption as to what constitutes a reasonable number of attempts to conform. The statute provides:

> (a) It is presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties if:
>
> > (1) The same nonconformity has been presented for repair to the manufacturer, its agent, or its authorized dealer four or more times but the same nonconformity continues to exist; or

(2) The vehicle was out of service to the consumer during or while awaiting repair of the nonconformity or a series of nonconformities for a cumulative total of 20 or more business days during any 12-month period of the warranty,

provided that the consumer has notified the manufacturer directly in writing of the existence of the nonconformity or series of nonconformities and allowed the manufacturer a reasonable period, not to exceed 15 calendar days, in which to correct the nonconformity or series of nonconformities. The manufacturer must clearly and conspicuously disclose to the consumer in the warranty or owners manual that written notification of a nonconformity is required before a consumer may be eligible for a refund or replacement of the vehicle and the manufacturer shall include in the warranty or owners manual the name and address where the written notification may be sent. Provided, further, that notice to the manufacturer shall not be required if the manufacturer fails to make the disclosures provided herein.

N.C.G.S. § 20-351.5(a) (1988 Cum. Supp.).

The undisputed facts in this case permit plaintiff to clear the initial eligibility hurdles in the presumption provision in that "the same nonconformity continue[d] to exist" after four or more repairs, N.C.G.S. § 20-351.5(a)(1), and plaintiff had not been able to use the car "for a cumulative total of 20 or more business days" because of the nonconformity, N.C.G.S. § 20-351.5(a)(2). The issue is whether plaintiff was required to comply with the notice requirements in the presumption provision. Plaintiff contends that under the statute notice was not required and defendant manufacturer was not entitled to fifteen days to repair because the owner's manual failed to make the requisite disclosure. Defendant Hyundai contends that the dealer, not plaintiff, gave notice of the existence of the nonconformities; and even if its owner's manual failed to satisfy the statutorily mandated disclosure requirement, defendant manufacturer is, in any event, entitled to fifteen days to make repairs to conform the vehicle to the express warranty.

An examination of the plain language of the statute reveals that the obvious purpose of the notice requirement is to give the manufacturer at least fifteen days to repair the vehicle. However, a condition to the notice requirement is that the manufacturer

make a specific disclosure to the consumer. Thus if the purchaser's direct notification to the manufacturer is waived by the manufacturer's failure to disclose, the opportunity to make repairs is also waived. Without notification, the opportunity to repair is nullified. In this regard we note that the notification requirement by the purchaser directly to the manufacturer in the presumption section of the statute differs from the reporting requirement in N.C.G.S. § 20-351.2, which allows reporting to the "manufacturer, its agent, or its authorized dealer." The happenstance that in this particular case the dealer notified the manufacturer does not control or alter the statutory interpretation that the opportunity to repair is at least implicitly tied to notification. On first blush this interpretation may appear unduly harsh, but the manufacturer can protect itself by making the necessary disclosure..

The question then is whether in the case under review defendant Hyundai's warranty or owner's manual disclosed the necessary information. We hold that it did not.

Hyundai's manual, which plaintiff received, contains procedures to be followed in case a buyer has "a concern with a Hyundai product." These procedures appear under the caption "HELPFUL INFORMATION" in a larger section of the owner's manual called "CONSUMER INFORMATION."

> The following sequence will provide the fastest response to your concern:
>
> Talk to your Hyundai Dealer first.
>
> Your Hyundai Dealer is in the best position to assist you with your concern. He employs trained technicians and can supply the necessary parts for your Hyundai. Every Hyundai Dealer is ultimately responsible for your continued satisfaction.
>
> Please talk to the Service Manager or the Consumer Affairs Manager, explaining your situation. In the event your concern has not been resolved, then speak with the owner of the dealership who is interested in your satisfaction and long term patronage.
>
> In the unlikely event you and your Dealer were unable to reach an understanding, then contact the Regional Consumer Affairs Department responsible for your area (see page 9).

## ANDERS v. HYUNDAI MOTOR AMERICA CORP.

[104 N.C. App. 61 (1991)]

Page 9 provides a map of Hyundai's regional centers in the United States with the address and phone numbers for each.

Nowhere in this "helpful information" is there any statement which "clearly and conspicuously disclose[s] to the consumer . . . that written notification of a nonconformity is required before a consumer may be eligible for a refund or replacement of the vehicle." N.C.G.S. § 20-351.5(a). In fact, written notification is not mentioned and the clear implication is that the dealer, who has trained technicians, is the manufacturer's representative for making repairs. The New Vehicles Act, also commonly known as a "lemon law," is a consumer protection statute. To allow the manufacturer the benefit of the opportunity to repair without compliance with the statute's mandates thwarts the underlying purpose of the Act.

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56. As we have held that the manufacturer's deficient disclosure relieved plaintiff from the written notice requirement as well as the requirement that the manufacturer be allowed a reasonable time to make repairs, defendant Hyundai was not entitled to summary judgment on plaintiff's claim under the New Vehicles Act. Moreover, even if defendant Hyundai's disclosure were sufficient, on the record in this case, a genuine issue of material fact exists as to whether plaintiff in fact gave notice to the manufacturer. In his sworn answers to defendant's interrogatories, plaintiff stated that he sent a letter to defendant Hyundai in September. On summary judgment the court does not weigh the credibility of the evidence. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 470, 251 S.E.2d 419, 422 (1979).

Finally we note that a consumer's inability to satisfy the conditions creating the presumption of a reasonable number of attempts to repair does not preclude him from proving, without benefit of the presumption, that the manufacturer was unable to conform the vehicle to the express warranty by correcting defects which substantially impair the value of the vehicle. N.C.G.S. § 20-351.5(b).

Summary judgment on plaintiff's claim under the New Vehicles Act is reversed.

**ANDERS v. HYUNDAI MOTOR AMERICA CORP.**

[104 N.C. App. 61 (1991)]

III. UNFAIR TRADE PRACTICE

[2]    Plaintiff also contends that defendant Hyundai violated N.C.G.S. § 75-1.1 when its representative informed him that he would have to pay "substantial additional sums of money" to obtain a comparable replacement vehicle. Plaintiff argues that this statement was deceptive and shows defendant's oppressive, unethical and unscrupulous dealing. We disagree.

Initially we note that the breach of an express warranty is not in and of itself a violation of N.C.G.S. § 75-1.1. *Stone v. Park Homes, Inc.*, 37 N.C. App. 97, 106, 245 S.E.2d 801, 807, *disc. rev. denied*, 295 N.C. 653, 248 S.E.2d 257 (1978).

Furthermore, to recover for a deceptive trade practice, plaintiff must show that he suffered actual injury as the result of the alleged deceptive act. *Bailey v. LeBeau*, 79 N.C. App. 345, 339 S.E.2d 460, *modified and aff'd*, 318 N.C. 411, 348 S.E.2d 524 (1986). In the present case, the record reflects that plaintiff told Hyundai's representative that he wanted defendant Hyundai to repurchase the vehicle. This election of refund rather than replacement was also reflected in plaintiff's attorney's letter dated 17 November 1989 just three days after plaintiff's meeting with the Hyundai representative. In both that letter and in the complaint in this action, the monetary demands are consistent with a "refund" pursuant to N.C.G.S. §§ 20-351.3(a)(1), (2), (3) and (4). Where defendant shows that an essential element of plaintiff's claim is nonexistent, summary judgment is appropriate. *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). On the record in this case plaintiff cannot show any injury resulting from the alleged deceptive statement. Accordingly, summary judgment on the unfair and deceptive trade practice claim is affirmed.

Affirmed in part; reversed in part.

Judges COZORT and GREENE concur.