**TAYLOR v. VOLVO NORTH AMERICA CORP.**

[107 N.C. App. 678 (1992)]

CURTIS WILSON TAYLOR, Plaintiff-Appellee v. VOLVO NORTH AMERICA
CORPORATION, Defendant-Appellant

No. 9118SC753

(Filed 20 October 1992)

**1. Automobiles and Other Vehicles § 254 (NCI4th)— New Motor
Vehicles Warranties Act—recovery by plaintiff—evidence
sufficient**

　　The trial court correctly held that the New Motor Vehicles
Warranties Act had been violated and that plaintiff was enti-
tled to recover where plaintiff first complained of a front end
shimmy and vibration upon initially acquiring the car, and
shortly thereafter complained of the clicking noise upon the
application of the brakes; defendant's regional sales manager,
who had been a parts and service manager during the lease
period, testified that he was familiar with defendant's warran-
ty policies and the nonconformities were covered by a twelve-
month-unlimited mileage warranty for parts and workmanship;
plaintiff brought the automobile to the dealer at least four
times regarding the same nonconformity and the defect was
not repaired; and defendant failed to prove any of the affirm-
ative defenses under N.C.G.S. § 20-351.4. The Act places no
burden on consumers to identify the cause or source of
problems.

**Am Jur 2d, Automobiles and Highway Traffic §§ 721 et seq.**

**Validity, construction, and effect of state motor vehicle
warranty legislation (lemon law). 51 ALR4th 872.**

**2. Automobiles and Other Vehicles § 259 (NCI4th)— New Motor
Vehicles Warranties Act—damages trebled—no error**

　　The trial court did not err by trebling damages in an
action under the New Motor Vehicles Warranties Act where
the court could reasonably conclude that defendant unreasonably
refused to comply with the statute, given plaintiff's repeated
attempts to have the automobile repaired over a period of ·
approximately eight months and defendant's continuing inaction.

**Am Jur 2d, Automobiles and Highway Traffic §§ 721 et seq.**

**Validity, construction, and effect of state motor vehicle
warranty legislation (lemon law). 51 ALR4th 872.**

TAYLOR v. VOLVO NORTH AMERICA CORP.

[107 N.C. App. 678 (1992)]

3. **Automobiles and Other Vehicles § 259 (NCI4th) — New Motor Vehicles Warranties Act — damages trebled before set-off — no error**

The trial court did not err in an action under the New Motor Vehicles Warranties Act by trebling damages prior to deducting an amount representing a reasonable allowance for plaintiff's use of the vehicle. Since the items listed for refund that constitute damages to be trebled under N.C.G.S. § 20-351.8 and the offset are found in different subsections of N.C.G.S. § 20-351.3, defendant is entitled to an offset only after plaintiff's damages have been trebled. Defendant's contrary interpretation of the remedies statute is inconsistent with prior interpretations of similar statutory language and would seriously erode the overall purpose for which the statute was enacted, reduce the effectiveness of the Act, and circumvent the intent of the legislature.

**Am Jur 2d, Automobiles and Highway Traffic §§ 721 et seq.**

**Validity, construction, and effect of state motor vehicle warranty legislation (lemon law). 51 ALR4th 872.**

4. **Appeal and Error § 63 (NCI4th) — New Vehicles Warranties Act — lease cancelled — no standing to object**

The defendant in an action under the New Vehicles Warranties Act, Volvo North America Corporation, did not have standing to object to the cancellation of a lease between plaintiff and Volvo Finance of North America where defendant argued in its brief and at oral argument that it and Volvo Finance were separate corporations.

**Am Jur 2d, Appeal and Error § 172.**

APPEAL by defendant from judgment filed 22 February 1991 by *Judge W. Steven Allen* in GUILFORD County Superior Court. Heard in the Court of Appeals 25 August 1992.

Plaintiff brought this action on 16 November 1989, under the New Motor Vehicles Warranties Act, G.S. § 20-351 *et seq.* The parties waived a jury trial. After hearing evidence from both parties, the trial court found the following facts:

2. On 27 December 1988, plaintiff entered a lease contract with Maxwell Volkswagen, Inc. as to the subject 1989 Volvo

vehicle, agreeing to make 72 monthly payments totaling $34,992.00. Plaintiff took delivery of the automobile on 27 December 1988. Plaintiff made the first monthly payment and deposited $500.00 as security.

3. Upon test driving the vehicle, plaintiff detected a "shimmy" in the wheel when driving, and informed the dealership's sales manager. Upon delivery, the vehicle had 736 miles on the odometer, it having been driven by the wife of the dealer as a demonstrator. The dealership assured plaintiff that problems would be corrected at the 1,000 mile checkup. When plaintiff brought the vehicle in on 6 January 1989 for that checkup, this condition was not corrected.

4. Complaints as to "high idling" were corrected, but the car had a clicking noise in the left front wheel, and it continued to shimmy at 45 miles per hour, which conditions appreciably impaired its value to the consumer, who had leased the vehicle for business purposes. The vehicle was returned to the dealership on 6 March 1989, on 16 May 1989, on 3 July 1989, and on 10 July 1989, for various complaints, including the clicking in the wheel and the shimmy. The car was left at the dealership, and plaintiff had to be transported by his employees, after which he returned to pick up the vehicle. He continued to complain of the shimmy on each occasion, and the clicking in the brakes, neither of which was repaired. At the 5,000-mile maintenance checkup, he complained of loss of power, the clicking noise, the shimmy and shaking, none of which were corrected except the loss of power. On 16 May, the dealership attempted to correct warped rotors, resurfacing them, but the car still had the clicking noise and shimmy at the front. On 3 July 1989, the left front door would not open; the dealer had to replace it. The right front seat switch was not operating, the brake pads had to be changed, and the dealership's shop foreman drove the vehicle, determined that there was a shimmy and a clicking which he attributed to the anti-lock brakes defendant had just installed that year. On 10 July, the windshield wipers were non-operative, more repair had to be made on the rotors, and the seat switch was said to be back ordered from Holland.

5. Defendant extended to plaintiff as to the subject vehicle an express warranty that it would be free from defect in parts

and workmanship for at least twelve months and for unlimited mileage, with some exceptions which are not applicable in this case. The continuing and uncorrected clicking noise and shimmy in the front of the vehicle were direct violations of that warranty so as substantially to impair the vehicle to plaintiff as consumer, making it non-conforming to the contract.

6. Upon obtaining an attorney in September, 1989, plaintiff notified defendant on 11 September 1989 by letter of his intent to exercise rights under North Carolina's Lemon law, G.S. Section 20-351 *et seq.*, and defendant responded with only one telephone call to plaintiff's counsel after that.

7. The window sticker on the vehicle gave defendant's address, as did the warranty manual, and plaintiff used that address to notify both the defendant and the lessor-assignee, Volvo Finance of North America, Inc., the addresses being virtually the same.

8. On 10 October 1989, defendant acknowledges receipt of plaintiff's counsel's 11 September 1989 letter, whereby both defendant and Volvo Finance of North America, Inc. were notified under G.S. 20-351 *et seq.*, and between then and 25 October 1989, defendant attempted only one telephone call, which was unsuccessful, and it took no further action to attempt to remedy the nonconformity in its warranty or to attempt to repair the subject vehicle. Plaintiff attempted to return the car to defendant's dealer, and the dealer refused to accept the car.

9. At the time of lease agreement, plaintiff informed the defendant's dealer of his reliance on the subject vehicle for safety and reliability, and informed it of the clicking noise and shimmy causing him concern, and the failure to repair these conditions was a substantial impairment of its value to him, and a breach of defendant's express warranty.

10. Plaintiff made all lease payments from January through August, 1989, prior to the vehicle's being repossessed by Volvo Finance of North America, Inc. During the time plaintiff used the vehicle from 27 December 1988 until repossession, he put approximately 21,000 miles on the vehicle's odometer.

The trial court found that defendant breached its express warranties and accordingly held that defendant violated the New Motor Vehicles Warranties Act. In addition to terminating plaintiff's lease

TAYLOR v. VOLVO NORTH AMERICA CORP.

[107 N.C. App. 678 (1992)]

without penalty, the trial court held that plaintiff could recover $4,511.95, which included lease payments, the security deposit, and repair costs. This amount was then trebled because the defendant "unreasonably refused to comply with the requirements of G.S. §§ 20-351.2 and [20-]351.3, in that it made only one unsuccessful telephone call to plaintiff's attorney to attempt to remedy the matter." From the trebled award of $13,535.85, the trial court deducted $5,429.00 as an offset representing a reasonable allowance for plaintiff's use of the automobile. This reduced plaintiff's award to $8,106.85. Additionally, the trial court awarded the plaintiff $4,125.00 in attorney's fees pursuant to G.S. § 20-351.8(3)(a), due to the manufacturer's "unreasonable fail[ure] to resolve this matter, as required by statute." Defendant appeals.

*J. Sam Johnson, Jr. for plaintiff-appellee.*

*Smith Helms Mulliss & Moore, by Bynum M. Hunter and William Sam Byassee, for defendant-appellant.*

EAGLES, Judge.

Defendant raises four assignments of error. After careful consideration, we affirm.

I.

[1] First, defendant argues that plaintiff's evidence was insufficient as a matter of law to support his recovery. We disagree.

The New Motor Vehicles Warranties Act (the Act), Article 15A of Chapter 20, establishes a private remedy for consumers. G.S. §§ 20-351 — 20-351.10 (1989); *see Anders v. Hyundai Motor America Corp.*, 104 N.C. App. 61, 64, 407 S.E.2d 618, 620, *disc. rev. denied*, 330 N.C. 440, 412 S.E.2d 69 (1991). Under the Act, a consumer may seek recovery from an automobile manufacturer for its failure to conform an automobile to its express warranties. Here, the Act is applicable to plaintiff as a "consumer" under G.S. § 20-351.1(1) and to the defendant as a "manufacturer" under G.S. § 20-351.1(2).

In *Anders*, 104 N.C. App. at 64, 407 S.E.2d at 620, it was held that "the Act imposes a duty on the manufacturer post-sale to conform the car to express warranties" as follows:

## TAYLOR v. VOLVO NORTH AMERICA CORP.

[107 N.C. App. 678 (1992)]

Express warranties for a new motor vehicle shall remain in effect at least one year or 12,000 miles. If a new motor vehicle does not conform to all applicable express warranties for a period of one year, or the term of the express warranties, whichever is greater, following the date of original delivery of the motor vehicle to the consumer, and the consumer reports the nonconformity to the manufacturer, its agent, or its authorized dealer during such period, the manufacturer shall make, or arrange to have made, repairs necessary to conform the vehicle to the express warranties, whether or not these repairs are made after the expiration of the applicable warranty period.

G.S. § 20-351.2(a). Defendant contends that the duty does not exist here because "plaintiff failed to introduce any evidence about the source or cause of the problems about which he complains." The statute places no burden upon a consumer to identify the cause or source of the problems of which he complains. Instead, the statute requires the consumer to show a nonconformity that is covered by an express warranty.

Under G.S. § 20-351.2(a), the consumer must timely complain of the nonconformity to the manufacturer, its agent, or its authorized dealer. Here, plaintiff first complained of the automobile's front end shimmy and vibration upon initially acquiring the car from the dealer on 27 December 1988, the beginning of the one year warranty period. Shortly thereafter, on 6 January 1989, plaintiff first complained of the clicking noise from the application of the brakes.

Then, the consumer must show that the nonconformity is covered by an express warranty. Here, defendant's regional sales manager, who was a parts and service manager during the lease period, testified that he was familiar with defendant's warranty policies and that the nonconformities were covered by a twelve month-unlimited mileage warranty for parts and workmanship. Specifically, he testified as follows:

Q: If there were a shimmy in the front wheels of this car, is that warranted under that 1989 warranty?

A: It would be warranted depending on what causes the shimmy.

. . . .

Q: Were the brakes warranted on this car, this particular model for parts and workmanship?

A: Depending upon the condition of the brakes, yes, sir, they were.

Q: What did it depend on?

A: It would depend on what the problem was with the brakes.

Q: Well, if the problem was a clicking in the brakes that was unexplained and unrepaired, was that warrantied [sic] or not?

A: The clicking in the brakes?

Q: Yes, sir.

A: It would be warrantied [sic] if it were in fact a defect, yes, sir.

Paragraph 36 of the "Standard Provisions" of the "Closed End Lease Agreement" referred to the warranty. Further, the repair receipts indicated that the warranty was in effect.

The Act provides that a lessee is entitled to a recovery "if the manufacturer is unable, after a reasonable number of attempts, to conform the motor vehicle to any express warranty by repairing or correcting, or arranging for the repair or correction of, any defect or condition or series of defects or conditions which substantially impair the value of the motor vehicle to the consumer." G.S. § 20-351.3(b). The Act "assist[s] a consumer in showing a manufacturer's failure to conform the vehicle to express warranties," *Anders*, 104 N.C. App. at 64, 407 S.E.2d at 620, by providing that it is to be "presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties if: (1) The same nonconformity has been presented for repair to the manufacturer, its agent, or its authorized dealer four or more times but the same nonconformity continues to exist." G.S. § 20-351.5(a). By bringing the automobile to the dealer at least four times regarding the same nonconformity, plaintiff here was entitled to the statutory presumption that a reasonable number of attempts had been undertaken to conform the car to the express warranties. Despite these visits to the dealer, the defect was not repaired. Additionally, defendant failed to prove any of the affirmative defenses under G.S. § 20-351.4. Accordingly, we hold that the trial court correctly held that the Act had been violated and that plaintiff was entitled to recover.

II.

**[2]** Second, defendant argues that the trial court erred in trebling damages because plaintiff introduced evidence insufficient as a matter of law to show that defendant unreasonably refused to comply with G.S. §§ 20-351.2 and 20-351.3. We disagree.

G.S. § 20-351.8(2) provides that monetary damages to an injured consumer "shall be trebled upon a finding that the manufacturer unreasonably refused to comply with G.S. 20-351.2 or G.S. 20-351.3." The Act is a "consumer protection statute," and is to be interpreted by an "examination of the plain language of the statute." *Anders*, 104 N.C. App. at 65, 67, 407 S.E.2d at 621-622. After appropriate notice from plaintiff, defendant here failed to cure the defect within 15 days, the maximum statutory period. G.S. § 20-351.5(a). *See* G.S. § 20-351.2(a); G.S. § 20-351.3(b). Defendant's only attempt at compliance was *one unsuccessful effort* to call plaintiff's attorney approximately one month after plaintiff mailed his notification letter. Given plaintiff's repeated attempts to have the automobile repaired over a period of approximately eight months and defendant's continuing inaction, the trial court could reasonably conclude that defendant unreasonably refused to comply with the statute and that plaintiff was entitled to treble damages.

III.

**[3]** Third, defendant contends that the trial court erred by trebling damages prior to deducting an amount representing a reasonable allowance for plaintiff's use of the vehicle. We disagree. This issue is not explicitly addressed by the statute. Accordingly, we proceed by examining the language and structure of the statute, prior decisions interpreting statutes with similar language, and the legislature's intent in establishing this statutorily-created cause of action.

Initially, we turn to the broad language of the portion of the Act entitled "Remedies," which provides:

In any action brought under this Article, the court may grant as relief:

(1) A permanent or temporary injunction or other equitable relief as the court deems just;

(2) Monetary damages to the injured consumer *in the amount fixed by the verdict*. Such damages shall be trebled upon a finding that the manufacturer unreason-

TAYLOR v. VOLVO NORTH AMERICA CORP.

[107 N.C. App. 678 (1992)]

ably refused to comply with G.S. 20-351.2 or G.S. 20-351.3. The jury may consider as damages *all items listed for refund* under G.S. 20-351.3.

G.S. § 20-351.8 (emphasis added). Defendant contends that once plaintiff's damages ($4,511.95) are offset by the reasonable allowance for plaintiff's use ($5,429.00), "the 'amount fixed by the verdict' is zero, and there is nothing to treble." We disagree. The "items listed for refund" constituting the "damages" that "shall be trebled" under G.S. § 20-351.8(2) are found for a lessee under G.S. § 20-351.3(b), which provides that the manufacturer shall

accept return of the vehicle from the consumer and refund the following:

(1) To the consumer:

a. All sums previously paid by the consumer under the terms of the lease;

b. All sums previously paid by the consumer in connection with entering into the lease agreement including, but not limited to, any capitalized cost reduction, sales tax, license and registration fees, and similar government charges; and

c. Any incidental and monetary consequential damages.

The provision for offset to which defendant refers is found in the next subsection of G.S. § 20-351.3, which provides in pertinent part:

The refund to the consumer shall be reduced by a reasonable allowance for the consumer's use of the vehicle. A reasonable allowance for use is that amount directly attributable to use by the consumer prior to his first report of the nonconformity to the manufacturer, its agent, or its authorized dealer, and during any subsequent period when the vehicle is not out of service because of repair.

G.S. § 20-351.3(c). Accordingly, since the "items listed for refund" that constitute the "damages" that "shall be trebled" under G.S. § 20-351.8 and the offset are found in different subsections of G.S. § 20-351.3, we hold that defendant is entitled to an offset only *after* plaintiff's damages under G.S. § 20-351.3(b) have been trebled.

**TAYLOR v. VOLVO NORTH AMERICA CORP.**

[107 N.C. App. 678 (1992)]

Additionally, defendant's interpretation of the remedies statute is inconsistent with prior interpretations of similar statutory language. The phrase "the amount fixed by the verdict" also appears in G.S. § 75-16 (1988), another consumer protection act which provides for treble damages. *Marshall v. Miller*, 302 N.C. 539, 543, 276 S.E.2d 397, 400 (1981). In *Seafare Corp. v. Trenor Corp.*, 88 N.C. App. 404, 416-17, 363 S.E.2d 643, 652-53, *disc. rev. denied*, 322 N.C. 113, 367 S.E.2d 917 (1988), this Court held under G.S. § 75-16 that the credit was to be deducted from the plaintiff's award *after* trebling plaintiff's damages, rather than before trebling the damages. *See Washburn v. Vandiver*, 93 N.C. App. 657, 664, 379 S.E.2d 65, 69-70 (1989); *see also Providence Hospital v. Truly*, 611 S.W. 2d 127, 136 (Tex. Civ. App. 1980) (statute similar to N.C.G.S. § 75-16); *Flintkote Company v. Lysfjord*, 246 F.2d 368, 398 (9th Cir.), *cert. denied*, 355 U.S. 835, 2 L.Ed.2d 46 (1957) (Clayton Act).

Furthermore, in interpreting the treble damages provisions of G.S. § 75-16, our Supreme Court in *Marshall*, 302 N.C. at 549, 276 S.E.2d at 403, noted that the overall purpose for which the statute was enacted should be considered. There, the Court observed that a "statutory provision for treble damages . . . serves two purposes. First, it makes more economically feasible the bringing of an action where the possible money damages are limited, and thus encourages private enforcement. Second, it increases the incentive for reaching a settlement." *Id.* at 549, 276 S.E.2d at 403-04 (citation omitted). Were we to follow defendant's suggested interpretation, we would seriously erode both these purposes, reduce the effectiveness of the Act, and circumvent the intent of the legislature. Defendant's interpretation would also defeat the legislature's intent in enacting a new statutory scheme creating a cause of action for automobile consumers more broad than traditional common law actions. Accordingly, defendant's interpretation fails.

## IV.

[4] Finally, defendant argues that the trial court erred in cancelling, pursuant to G.S. § 20-351.3(b), the lease that existed between plaintiff and the lessor, Volvo Finance of North America, Inc. Defendant argued in its brief and at oral argument that defendant and Volvo Finance were "separate corporations." Accordingly, we hold that defendant does not have standing to raise this issue on behalf of Volvo Finance of North America, Inc. *See Lowder*

PHILLIPS v. HOLLAND

[107 N.C. App. 688 (1992)]

*v. All Star Mills*, 91 N.C. App. 621, 624-25, 372 S.E.2d 739, 741 (1988), *disc. rev. denied*, 324 N.C. 113, 377 S.E.2d 234 (1989); *Lone Star Industries v. Ready Mixed Concrete*, 68 N.C. App. 308, 309, 314 S.E.2d 302, 303 (1984) ("Under our law, it is rudimentary that the only person who may appeal is the 'party aggrieved.' ").

## V.

In conclusion, we hold that the trial court correctly found a violation of the New Motor Vehicles Warranties Act and correctly computed plaintiff's damages.

Affirmed.

Judges JOHNSON and PARKER concur.